UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JONES, | No. C 13-2305 NC (PR) |
| Plaintiff, | **ORDER OF PARTIAL SERVICE; DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| D. SHALTRY, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Joshua Jones, an inmate at Salinas Valley State Prison (SVSP), filed a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court serves certain claims on Defendant Officer Shaltry and dismisses other claims with leave to amend.

## DISCUSSION

**I. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**II. Plaintiff's Allegations**

Plaintiff alleges that, on August 1, 2012, he was working in the kitchen at SVSP when he was approached by Officers D. Shaltry and J. Crabtree. Officer Shaltry pushed Plaintiff against the wall and began questioning him about some pictures he believed Plaintiff possessed. Plaintiff said he did not know of any such pictures. While Plaintiff was facing the wall, Officer Shaltry performed a pat-down of him. Then, Officer Shaltry ordered Plaintiff to turn around and face him. As Plaintiff turned around, Officer Shaltry removed Plaintiff's hat and threw it to the ground and ripped open Plaintiff's shirt pocket. Officer Shaltry ordered Plaintiff again to face away from him. Officer Shaltry then inserted his hands into Plaintiff's pants and underwear and placed his hand on Plaintiff's penis and testicles and left them there for a period of time. Officer Shaltry massaged and fondled Plaintiff's sexual organs. Officer Shaltry did not find any hidden pictures or contraband.

Since this encounter with Officer Shaltry, Plaintiff has been experiencing insomnia, fear, anxiety, depression and guilt.

Officer Shaltry has harassed Plaintiff in other ways. For instance, when Plaintiff walks past him, Officer Shaltry makes remarks such as, "I'm watching you," or "you better watch yourself . . . you know you're on my shit list." In another incident, Officer Shaltry

2

1  was performing a cell search of another inmate's cell and he told the inmate that Plaintiff had
2  given him information that the inmate had contraband hidden in his cell. By doing this,
3  Officer Shaltry was pitting another inmate against Plaintiff, thus putting Plaintiff in physical
4  danger from the inmate.

    Plaintiff asserts federal claims for violations of his Eighth Amendment right to be free from the infliction of cruel and unusual punishment and his Fourth Amendment right to be free from an unlawful search. He also asserts state law claims for assault and battery.

**III. Claims**

    **A. Eighth Amendment Claims**

        **1. Sexual Harassment**

A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. Thomas v. District of Columbia, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing Hudson v. McMillian, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). Sexual assault, coercion and harassment may violate contemporary standards of decency and cause physical and psychological harm, see Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc); however, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation--the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force. Hudson, 503 U.S. at 9-10; Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir. 2012) (no Eighth Amendment violation against officer who was alleged to have rubbed his thigh against plaintiff's thigh while plaintiff was on toilet and to have begun smiling before leaving cell laughing).

Plaintiff's allegations are sufficient to state an Eighth Amendment sexual harassment claim against Officer Shaltry. However, although Plaintiff alleges that Officer Crabtree approached him with Officer Shaltry, he does not allege that Officer Crabtree was present during the search or aided Officer Shaltry in conducting the search. Therefore, this claim is

dismissed against Officer Crabtree with leave to amend to remedy this deficiency, if he truthfully can do so. Plaintiff also makes no allegations against Defendants Correctional Sergeant M. Thomas, Chief Deputy Warden B. Hedrick, Warden R.T.C. Grounds and California Department of Corrections and Rehabilitation (CDCR) Secretary Matthew Cate (together, supervisory Defendants). Plaintiff merely states that the supervisory Defendants "hold a duty to assure that the policies, procedures and laws of the state of California are followed correctly . . . and have failed to act and take appropriate steps when this appeal was filed. Plaintiff intends to show the vicarious liability of all defendants at the time of the trial."

Under no circumstances is there vicarious liability under § 1983. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Because there is no vicarious liability under § 1983 and Plaintiff does not include allegations showing that the supervisory Defendants were personally involved in the constitutional deprivation or that there is a causal connection between the supervisory Defendants' conduct and the constitutional violation, the Eighth Amendment sexual harassment claim against the supervisory Defendants is dismissed. Plaintiff is granted leave to amend to add allegations to remedy the noted deficiency, if he truthfully can do so.

**2. Harassment**

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998)

4

(disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim). But harassment coupled with conduct implicating the Eighth Amendment's proscription against cruel and unusual punishment may present a claim cognizable under § 1983. See Hudson v. Palmer, 468 U.S. 517, 528-30 (1984) (malicious cell searches and calculated harassment unrelated to prison needs may implicate 8th Amendment's protection against cruel and unusual punishment); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody).

Accordingly, Plaintiff's allegations that Officer Shaltry subjected him to verbal harassment fail to state a claim under the Eighth Amendment. Plaintiff's "cell search" allegations are sufficient to state an Eighth Amendment claim against Officer Shaltry because Officer Shaltry's actions put Plaintiff at risk of retaliation by another inmate. However, in regard to the "cell search" claim, Plaintiff states no allegations against any other Defendant. Therefore, for the reasons stated above, this claim is dismissed against all other Defendants. Plaintiff is granted leave to amend to add allegations implicating any of the other named Defendants.

**B. Fourth Amendment Claim**

The Fourth Amendment applies to the invasion of bodily privacy in prisons. Bull v. San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc); Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988). To analyze a claim alleging a violation of this privacy right, the court must apply the test set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), and determine whether a particular invasion of bodily privacy was reasonably related to legitimate penological interests. Bull, 595 F.3d at 973; Michenfelder, 860 F.2d at 333-34. The court also should apply the balancing test set forth in Bell v. Wolfish, 441 U.S. 520, 559 (1979), and consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it and the place in which it was conducted. See

1 Bull, 595 F.3d at 974-75 (applying Turner and Bell); Thompson v. Souza, 111 F.3d 694, 699-
2 700 (9th Cir. 1997) (same); Michenfelder, 860 F.2d at 332-33 (same). Put simply, the court
3 should "consider the reasonableness of [the intrusion under Bell] to help [it] determine if [the
4 intrusion] was reasonably related to legitimate penological interests [under Turner]."
5 Thompson, 111 F.3d at 700.

6 Plaintiff's allegations regarding Officer Shaltry's search are sufficient to state a Fourth
7 Amendment claim against Officer Shaltry. For the reasons stated above, Plaintiff fails to
8 state a Fourth Amendment claim against any other Defendant, but is granted leave to amend.

### C. State Law Claims of Assault and Battery

10 Under California law, a civil claim for assault must allege that: (1) the defendant
11 intended to cause harmful or offensive contact, or the imminent apprehension of such contact
12 and (2) the plaintiff was put in imminent apprehension of such contact. Garcia v. City of
13 Merced, 637 F. Supp. 2d 731, 747 (E.D. Cal. 2008). The elements of the tort of battery are:
14 (1) the defendant intentionally did an act that resulted in harmful or offensive contact with
15 the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact
16 caused injury, damage, loss or harm to the plaintiff. Id. Under California law, an employer
17 may be responsible for its employee's torts committed within the scope of employment. John
18 Y. v. Chaparral Treatment Center, Inc., 101 Cal. App. 4th 565, 574 (2002). However, if the
19 injury is committed out of personal malice, not engendered by or connected with the
20 employment, there is no vicarious liability. Id. at 575. Furthermore, as a condition precedent
21 to suit against a public entity or its employee, the California Tort Claims Act (CTCA), Cal.
22 Gov't Code §§ 900-998.3, requires "the timely presentation of a written claim and the
23 rejection of the claim in whole or in part." Mangold v. California Pub. Util. Comm'n, 67
24 F.3d 1470, 1477 (9th Cir.1995) (citing Snipes v. City of Bakersfield, 145 Cal. App. 3d 861
25 (1983)).

26 Under this criteria, Plaintiff's allegations may be sufficient to state claims for assault
27 or battery against Officer Shaltry. Plaintiff may be able to state a claim for vicarious liability
28 against Officer's Shaltry's employer. However, Plaintiff has not alleged that he has

6

complied with the requirements of the CTCA before filing suit.

Therefore, Plaintiff's state law claims are dismissed with leave to amend to remedy these deficiencies, if he can do so.

## CONCLUSION

1. Plaintiff has stated cognizable Eighth and Fourth Amendment claims against Officer Shaltry.

2. Plaintiff's claims against all other Defendants are dismissed with leave to amend.

3. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-2305 NC (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named Defendant(s) was involved in each cause of action, what each Defendant did, what effect this had on Plaintiff and what right Plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and the deficient claims will be dismissed.**

4. If Plaintiff does not wish to file an amended complaint, he shall so inform the Court within **twenty-eight days** from the date of his Order.

5. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to Officer D. Shaltry**.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this

Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    7. In order to expedite the resolution of this case, the Court orders as follows:

        a. No later than ninety (90) days from the date of this order, Defendant Shaltry shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

        b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than twenty-eight (28) days after the motion is served and filed.

        c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked

8

for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63 (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein. In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

    d.    Defendant must serve and file a reply to an opposition not more than fourteen (14) days after the opposition is served and filed.

9

   e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

  8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  9. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   June 12, 2013

NATHANAEL M. COUSINS
United States Magistrate Judge

C:\Users\harrelll\AppData\Local\Temp\notes1A03DD\Jones v Shaltry 13-2305 Serve&dwla.wpd